UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10251
Summary Calendar

_____

MICHAEL WAYNE BOHANNAN,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:96-CV-326)
_____

April 1, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.[*]

EDITH H. JONES, Circuit Judge:

Michael Wayne Bohannan, Texas prisoner # 366986, appeals the district court's denial of his 28 U.S.C. § 2254 petition. A certificate of appealability was granted for Bohannan's appeal.

Bohannan argues 1) that his plea agreement was violated when he was not returned to the Texas Department of Criminal Justice-Institutional Division (TDCJ) following the revocation of his mandatory supervision and 2) that he was denied the restoration

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of good-time credits, which had been forfeited when his mandatory supervision was revoked. He contends that the TDCJ had a policy in effect at the time of his mandatory-supervision revocation, which allowed for the restoration of good-time credits, but that by the time he was placed in a TDCJ facility, the TDCJ policy had changed to disallow the restoration to prisoners convicted of a violent offense.

Bohannan has not shown that his plea agreement included a promise that he would be returned to a TDCJ facility if his mandatory supervision was revoked and he was again incarcerated. He has thus not demonstrated that his plea agreement was breached. See Smith v. Blackburn, 785 F.2d 545, 548 (5th Cir. 1986) (prisoner must prove exact terms of alleged promise).

A COA was not granted on the issue whether Bohannan was denied a constitutional right by not having his good time credits, which were forfeited when his mandatory supervision was revoked, restored. We therefore cannot review this issue. See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997). Furthermore, Bohannan's argument is without merit. See Hallmark v. Johnson, 118 F.3d 1073, 1079-80 (5th Cir.), cert. denied, 118 S.Ct. 576 (1997).

The district court's denial of Bohannan's habeas claims is **AFFIRMED**. The respondent's motion to amend the appellate record and Bohannan's motion for injunctive relief pending this court's decision on his appeal are **DENIED**.